UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Jalesha Johnson et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Stephan K. Bayens et al.,.<br><br>Defendants. | Docket No. 20-cv-306<br><br><br>**Plaintiffs' Response to Defendants' Motion for Extension to Resist Plaintiff's Motion for a Preliminary Injunction** |

COME NOW Plaintiffs, and briefly respond to Defendant's Motion to extend their deadline to resist Plaintiff's Motion for a Preliminary Injunction:

1.      Local Rule 7(e) provides that "[e]ach party resisting a motion must, within 14 days after the motion is served, file a resistance in the form of a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies." LR 7(e).

2.      Defendants accepted service of Plaintiffs' Motion for a Preliminary Injunction on October 7, 2020, along with their supporting brief, declarations, and other exhibits thereto.

3.      In their motion for a briefing schedule and/or extension, Defendants cite to Federal Rule of Civil Procedure 65 to argue that an October 30, 2020 deadline should apply, but Federal Rule of Civil Procedure 65 does not provide any contrary procedure or deadline to LR 7(e). Fed. R. Civ. Pro. 65.

4.      Therefore, Defendants' Resistance, if any, was due by October 21, 2020.

5.      Defendants are incorrect in stating that "No Plaintiff has suffered any consequences" as a result of the Defendants banning them from the Iowa State Capitol

2

Complex.

6.      As set forth in Plaintiffs' Motion for a Preliminary Injunction and their accompanying Brief and supporting declarations and exhibits, Plaintiffs are likely to succeed on their claim challenging the bans as unconstitutional prior restraints on First Amendment rights; they are suffering continuing irreparable injury; and the balance of the equities weighs in Plaintiffs' favor. Contrary to Defendants' characterization, the consequences to Plaintiffs' ability to exercise their First Amendment rights, as well as other protected constitutional rights, are dire, have already occurred, and are ongoing, unless and until relief is provided by this Court. Plaintiffs are seeking judicial relief from a prior restraint of their free speech which occurred and is occurring in an ongoing manner absent any judicial process.

7.      "'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Plaintiffs are facing the loss of First Amendment freedoms not for a minimal period of time, but for six months and one year, respectively. (Johnson Aff. ¶ 16; Ramus Aff. ¶19; Ramus Aff. Ex. A; Bequeaith Aff. ¶16; Bequeaith Aff. Ex. A; Penna Aff. ¶ 11; Dikkers Aff. ¶ 14; Dikkers Aff. Ex. A.) They have already been blocked from participating in multiple protests at the Capitol which they wanted to attend. (Johnson Aff. ¶¶ 24-29; Ramus Aff. ¶¶ 24-28, 34-38; Bequeaith Aff. ¶¶ 20-22; Penna Aff. ¶ 12; Dikkers Aff. ¶¶ 19-20.) They have had to relocate planned Des Moines BLM protests away from the Capitol entirely. (Johnson Aff. ¶¶ 23-25.) And they will continue to be blocked until the expiration of the bans from protesting at the Capitol absent relief from this court. (Johnson Aff. ¶¶ 24-29; Ramus Aff. ¶¶ 24-28, 34-38; Bequeaith Aff. ¶¶ 20-23; Penna Aff. ¶ 12; Dikkers Aff. ¶¶ 19-20.) In addition, they have been and will

continue to be blocked from engaging in direct citizen lobbying of legislators and the Governor's Office by the bans. (Johnson Aff. ¶¶ 31-32; Ramus Aff. ¶ 38; Bequeaith Aff. ¶ 23; Penna Aff. ¶ 16; Dikkers Aff. ¶¶ 21-22.) This forced abandonment of the Capitol Complex for the exercise of First Amendment rights is due entirely to the Plaintiffs' fear of arrest and criminal prosecution threatened by the Defendants for violating their ban, a prior restraint. This fear of exercising First Amendment rights under threat of arrest and prosecution is irreparable harm.

8.   Plaintiffs' understand that Defendants believed a later deadline should apply, and that they will need some amount of time to file their resistance. Plaintiffs consent to an extension until Monday, October 26, 2020, as Defendants state. However, given the time that has already passed since Defendants were served with Plaintiffs' motion, the significant and ongoing deprivation of Plaintiffs' rights, and that Defendants have already been "gathering responsive information from the local arresting agencies as well as locating video footage of the incident giving rise to the arrest of Plaintiffs in July", Plaintiffs believe an extension of until Friday, October 30, 2020 is too long.

Respectfully submitted:

/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone:  (515) 207-0567
Fax: (515) 243-8506
Email:  Rita.Bettis@aclu-ia.org

Shefali Aurora, AT0012874
ACLU of Iowa Foundation, Inc.
505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317

Telephone:  (515) 243-3988
Fax: (515) 243-8506
Email:  Shefali.Aurora@aclu-ia.org

Glen S. Downey, AT0012428
The Law Offices of Glen S. Downey, LLC
5214 Ingersoll Avenue
Des Moines, IA, 50312
Telephone:  (412) 865-7110
Fax: (515) 259-7599
Email: glen@downey-law.net

Nathan A. Mundy, AT0009065
Mundy Law Office, P.C.
317 6th Ave., Suite 1300
Des Moines, IA 50309
Ph: (515)288-1552
Fax: (515) 598-7591
Email: nathan@mundylawdsm.com

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

Date: October 22, 2020

/s/Rita Bettis Austen
 Rita Bettis Austen