IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JALESHA JOHNSON, LOUISE BEQUEAITH, BRAD PENNA, BRANDI RAMUS, AND HALEY JO DIKKERS,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN K. BAYENS, COMMISSIONER OF THE IOWA DEPARTMENT OF PUBLIC SAFETY, in his official and individual capacities, LIEUTENANT STEVE LAWRENCE, IOWA STATE PATROL DISTRICT 16 COMMANDER, in his official and individual capacities, SERGEANT TYSON UNDERWOOD, ASSISTANT DISTRICT 16 COMMANDER, in his individual capacity, IOWA STATE PATROL TROOPER DURK PEARSTON (BADGE NO. 168), in his individual capacity, and IOWA STATE PATROL TROOPER JOHN DOE #1, in his individual capacity,<br><br>Defendants. | Case No. 4:20-cv-00306<br><br>**DECLARATION OF TYSON UNDERWOOD** |

I, Tyson Underwood, declare as follows:

1. I am over the age of 18 years. I have personal knowledge of all the facts set forth in this Declaration and would testify competently to those facts if called as a witness.

2. On July 1, 2020, I was on assigned duty as a sergeant with the Iowa State Patrol assigned to Post 16. Post 16 provides security for the Capitol grounds as well as security for the Governor's residence and protection for the Governor and Lieutenant Governor.

3. Prior to July 1, 2020, I and others within the Department of Public Safety were aware of a planned protest at the Capitol scheduled for July 1, 2020. Prior to July 1, 2020, I was



EXHIBIT 2

informed that detectives from the Des Moines Police Department believed that persons who had outstanding arrest warrants arising from an incident where a police vehicle was vandalized may be attending the scheduled protest.

4. I recall Detectives Jeffrey George and Brad Youngblut coming to the Capitol on July 1, 2020. The Detectives had information, including photographs, of persons who had outstanding warrants as well as photos of persons who were involved with the prior incident, but not yet positively identified.

5. As the protestors began arriving in the Capitol, the Detectives identified Lashawn Winfield, Aviva Jotzke and Jasmin Johnson as persons with outstanding arrest warrants. Those persons were placed under arrest. As the arrestees were being taken to a secure room (Room G19) within the Capitol to complete arrest paperwork many protesters became physical in their interactions with law enforcement by physically impeding progress towards Room G19. After completing initial processing the Des Moines detectives also requested a transport vehicle for the arrestees.

6. Because a large number of persons had gathered on the west side of the Capitol, it was requested that the police transport come to the east side of the Capitol.

7. After the transport vehicle arrived the Des Moines detectives left Room G19 with the arrestees and the crowd began following those officers. I followed behind the arrestees being escorted to the transport vehicle as well as the crowd of people who were also following behind and exiting through the east doors. I followed behind this group to ensure everyone left this secure area and that the door automatically locked this entrance after everyone exited.

8. Once I exited the Capitol, I observed a large number of people assaulting law enforcement officers from both the Des Moines Police Department and the Iowa State Patrol. I

went to assist those officers and along with other arriving law enforcement, attempted to maintain a protective line around the officers who were being assaulted so as to prevent additional people from becoming involved.

9. Eventually the people taken into custody as well as the persons who interfered with and attacked law enforcement officers were placed into transport vehicles and orders were given for the crowd to disburse from the Capitol grounds, which order the remaining crowd complied with.

10. The persons arrested that day were transported initially to the Des Moines Police Department.

11. Shortly after the crowd disbursed, legislative leadership convened to discuss the events of the day. Legislative leadership decided such lawlessness and violence against law enforcement could not be tolerated on the Capitol grounds. Legislative leadership requested the State Patrol notify the persons taken into custody that they could not come back upon the Capitol grounds for a period of six months. It was intended that the notice period end prior to the next legislative session so that persons would be able to have access to the legislature and the Capitol grounds.

12. The persons taken into custody and transported to the Des Moines Police Department were told verbally that they would be restricted from coming upon the Capitol grounds for a period of six months and would also be receiving a written notice to that affect. I am unaware of anyone being told of any restriction on access to Capitol property for a period of longer than six months. The persons given verbal and subsequent written notices include the named Plaintiffs in this case.

13. I did prepare and sign written notices to persons who were arrested on July 1, 2020. Those notices were reviewed by my superiors as well as the Department of Public Safety's internal legal counsel. I then sent those notices by certified mail.

14. To my knowledge, none of the people receiving the notices have been arrested on the Capitol grounds. To my knowledge, all of the people receiving the notices are able to return to the Capitol grounds after January 1, 2021.

I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Executed this 27th day of October, 2020.

_____ #527
TYSON UNDERWOOD