IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JALESHA JOHNSON, LOUISE BEQUEAITH, BRAD PENNA, BRANDI RAMUS, AND HALEY JO DIKKERS,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN K. BAYENS, COMMISSIONER OF THE IOWA DEPARTMENT OF PUBLIC SAFETY, in his official and individual capacities, LIEUTENANT STEVE LAWRENCE, IOWA STATE PATROL DISTRICT 16 COMMANDER, in his official and individual capacities, SERGEANT TYSON UNDERWOOD, ASSISTANT DISTRICT 16 COMMANDER, in his individual capacity, IOWA STATE PATROL TROOPER DURK PEARSTON (BADGE NO. 168), in his individual capacity, and IOWA STATE PATROL TROOPER JOHN DOE #1, in his individual capacity,<br><br>Defendants. | Case No. 4:20-cv-00306<br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

COME NOW Defendants, by and through the undersigned counsel, and submit the following as their answer to Plaintiffs' Civil Right Complaint for Declaratory and Preliminary and Permanent Injunctive Relief and Damages:

1. Defendants deny paragraph 1 for lack of knowledge except it is admitted that Plaintiffs were restricted from entering upon any portion of the property known as 1007 East Grand Avenue, Des Moines, Iowa 50319, until January 1st, 2021.

2. Defendants deny the first sentence of paragraph 2 for lack of knowledge. Defendants admit the second sentence.

3. Paragraph 3 does not make any specific allegations against the named Defendants and therefore no answer is required.

4. Denied.

5. Denied for lack of knowledge.

6. Defendants admit this Court has jurisdiction over the matter.

7. Defendants admit the Southern District of Iowa is the appropriate venue for this matter.

8. Denied for lack of knowledge.

9. Denied for lack of knowledge except that it is admitted Plaintiff Bequeaith received a letter that restricted Plaintiff Bequeaith from entering upon any portion of the property known as 1007 East Grand Avenue, Des Moines, Iowa 50319, until January 1st, 2021.

10. Denied for lack of knowledge except that it is admitted Plaintiff Ramus received a letter that restricted Plaintiff Ramus from entering upon any portion of the property known as 1007 East Grand Avenue, Des Moines, Iowa 50319, until January 1st, 2021.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge except that it is admitted Plaintiff Dikkers received a letter that restricted Plaintiff Dikkers from entering upon any portion of the property known as 1007 East Grand Avenue, Des Moines, Iowa 50319, until January 1st, 2021.

13. Defendants admit the first sentence of paragraph 13.  It is affirmatively stated that the Commissioner's duties and responsibilities are set forth in Iowa Code Chapter 80.

14. Defendants admit that IDPS has the authority granted to it under Iowa Code Chapter 80.

15. Defendants admit that ISP is responsible for law enforcement by the State of Iowa at the State Capitol and the Capitol Complex grounds. Defendants deny the remainder of the paragraph.

16. Admit.

17. Defendants admit the first sentence of paragraph 17 and also admit letters to persons, including at least some Plaintiffs, restricting access to the Capitol Complex.

18. Denied for lack of knowledge except that it is admitted the Defendant Trooper Durk Pearston is a member of the Iowa State Patrol.

19. Denied for lack of knowledge.

20. Defendants reassert their answers to paragraphs 1 through 19 as though fully set forth herein.

21. Defendants deny that Plaintiffs were discriminated against by Defendants in any way.

22. Defendants deny that Plaintiffs were discriminated against by Defendants in any way.

23. Paragraph 23 makes no allegations against Defendants and thus no response is required.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge except that it is admitted Des Moines adopted an ordinance banning racial profiling, the State of Iowa passed legislation prohibiting the use of chokeholds by law enforcement, and the Governor signed an executive order restoring voting rights to most people convicted of felony offenses.

27. Denied for lack of knowledge.

28. Denied for lack of knowledge.

29. Defendants admit the first sentence of paragraph 29 and deny for lack of knowledge the remainder of the paragraph.

30. Denied for lack of knowledge.

31. Denied.

32. Defendants admit that persons, including Plaintiffs, were restricted from the Capitol Complex until January 1, 2021.

33. The letter referenced in paragraph 33 speaks for itself and no further response is required.

34. Paragraph 34 makes no allegations against Defendants and thus no response is required.

35. Denied.

36. Denied.

37. Defendants admit that the restrictions from entering the capitol complex did not arise from a court order.

38. Denied.

39. Denied.

40. Denied for lack of knowledge.

41. Denied for lack of knowledge.

42. Denied for lack of knowledge.

43. Denied for lack of knowledge except that it is admitted Plaintiff Johnson was arrested.

44. Denied for lack of knowledge.

45. Denied for lack of knowledge.

46. Denied for lack of knowledge.

47. Denied for lack of knowledge.

48. Denied for lack of knowledge.

49. Denied for lack of knowledge.

50. Admit.

51. Denied for lack of knowledge.

52. Defendants admit that Plaintiff Bequeaith was mailed a letter from Iowa State Patrol Sergeant Tyson Underwood prohibiting her from entering Capitol Complex grounds until January 1, 2021.

53. Denied.

54. Denied.

55. Denied for lack of knowledge.

56. Denied.

57. Denied.

58. Denied for lack of knowledge.

59. Denied for lack of knowledge.

60. Denied for lack of knowledge except that it is admitted that Plaintiff Ramus was arrested on July 1, 2020.

61. Denied for lack of knowledge.

62. Denied for lack of knowledge.

63. Denied for lack of knowledge.

64. Defendants admit that Plaintiff Ramus was mailed a letter from Iowa State Patrol Sergeant Tyson Underwood prohibiting her from entering Capitol Complex grounds until January 1, 2021. The remainder of the paragraph is denied.

65. Denied for lack of knowledge.

66. Denied for lack of knowledge.

67. Denied.

68. Denied.

69. Denied for lack of knowledge.

70. Denied for lack of knowledge.

71. Denied for lack of knowledge except that it is admitted that Plaintiff Penna was arrested on July 1, 2020.

72. Denied for lack of knowledge.

73. Denied.

74. Denied.

75. Denied.

76. Denied for lack of knowledge.

77. Denied for lack of knowledge.

78. Denied for lack of knowledge except that it is admitted that Plaintiff Dikkers was arrested on July 1, 2020.

79. Defendants admit that Plaintiff Dikkers was mailed a letter from Iowa State Patrol Sergeant Tyson Underwood prohibiting her from entering Capitol Complex grounds until January 1, 2021. The remainder of the paragraph is denied.

80. Denied for lack of knowledge.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendants reassert their answers to paragraphs 1 through 85 as though fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. Defendants reassert their answers to paragraphs 1 through 89 as though fully set forth herein.

91. Denied.

92. Denied.

93. Defendants reassert their answers to paragraphs 1 through 92 as though fully set forth herein.

94. Denied.

95. Denied.

96. Defendants reassert their answers to paragraphs 1 through 95 as though fully set forth herein.

97. Denied.

98. Denied.

99. Defendants reassert their answers to paragraphs 1 through 98 as though fully set forth herein.

100. Denied.

101. Denied.

102. Defendants reassert their answers to paragraphs 1 through 101 as though fully set forth herein.

103. Denied.

104. Denied.

105. Defendants reassert their answers to paragraphs 1 through 104 as though fully set forth herein.

106. Denied.

107. Denied.

108. Defendants deny that Plaintiffs are entitled to any relief.

109. This paragraph does not require a response from Defendants.

WHEREFORE, Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety and costs assessed to the Plaintiffs.

## AFFIRMATIVE DEFENSES

COME NOW Defendants and set forth the following as affirmative defenses to the Plaintiffs' claims:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. These Defendants have qualified immunity from Plaintiffs' allegations.

3. None of the above-listed allegations constitute prior restraint.

Case 4:20-cv-00306-RGE-CFB Document 15 Filed 12/02/20 Page 9 of 9

4. Defendants reserve the right to add additional affirmative defenses as discovery is conducted.

        Respectfully submitted,

        THOMAS J. MILLER
        IOWA ATTORNEY GENERAL

        /s/ *Jeffrey C. Peterzalek*
        JEFFREY C. PETERZALEK
        Assistant Attorney General

        */s/ Anagha Dixit*
        ANAGHA DIXIT
        Assistant Attorney General
        1305 East Walnut St., 2nd Floor
        Des Moines, Iowa 50319
        Ph: (515) 281-4213; (515) 281-5478
        Email: Jeffrey.Peterzalek@ag.iowa.gov
        Email: Anagha.Dixit@ag.iowa.gov
        ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all counsel of record via CM/ECF on this 2nd day of December, 2020, at the following email addresses:

   Shefali_Aurora@aclu-ia.org
   glen@downey-law.net
   nathan@mundylawdsm.com

      */s/ Rhonda L. Parr*

9